# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND HILL,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 25-CV-6276 |
| | : |
| COMMONWEALTH OF<br>PENNSYLVANIA, *et al.*,<br>　　Defendants. | :<br>:<br>: |

## MEMORANDUM

**PADOVA, J.**                                                                                   **JANUARY 7, 2026**

      Plaintiff Raymond Hill, a pretrial detainee, filed this *pro se* civil rights action under 42 U.S.C. § 1983, naming as Defendants the Commonwealth of Pennsylvania ("the Commonwealth"), the West Chester Police Department, four of that Department's officers (Officer Douglas Gilbert, Officer Aaron Diefenderfer, Officer Jerry Ferriola, and Officer Turner), Chester County Prison ("CCP"), and Warden Howard Holland. (ECF No. 2 at 1-2.) Hill seeks leave to proceed *in forma pauperis*. (*See* ECF Nos. 1 and 3.) For the following reasons, the Court will grant Hill leave to proceed *in forma pauperis*, dismiss his Complaint in part under 28 U.S.C. § 1915(e)(2)(B)(ii), and stay the remaining proceedings pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971).

I.      **FACTUAL ALLEGATIONS**[1]

Hill is a pretrial detainee at CCP awaiting trial on three criminal matters pending against him in the Chester County Court of Common Pleas. *See Commonwealth v. Hill*, CP-15-CR-0001493-2024 (C.P. Chester); *Commonwealth v. Hill*, CP-15-CR-0001496-2024 (C.P. Chester); *Commonwealth v. Hill*, CP-15-CR-0002396-2024 (C.P. Chester). Hill was arrested for some of those charges in May 2024, but Hill's claims in the instant case allegedly pertain to the charges for which he was arrested on July 16, 2024.[2] (Compl. at 3.) At that time, Hill was incarcerated at CCP, and prison officials called Hill down to the Intake Unit. (*Id*.) Defendants Diefenderfer and Ferriola informed him that he was being "re-arrested" pursuant to a felony arrest warrant on charges alleged in state criminal matter CP-15-CR0002396-2024. (*Id*.) He was fingerprinted, had his mug shot taken, and bail was set for $750,000. (*Id*.) Hill claims that police did not

---

[1] The factual allegations set forth in this Memorandum are taken from Hill's handwritten Complaint and attached documents. (*See* ECF Nos. 2 and 2-1.) The Court deems the entire submission to constitute the Complaint ("Compl.") and adopts the pagination supplied by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, Civ. A. No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

[2] Hill filed another civil matter in this Court concerning his arrest on May 3, 2024. *See Hill v. Liberman*, Civ. A. No. 25-5678 (E.D. Pa.). In that prior civil case, Hill indicated that his arrest on that date related to the CP-15-CR-0002396-2024 state criminal matter and attached some documents from that record to his Complaint. *See* Civ. A. No. 25-5678 (ECF No. 3 at 7-8; ECF No. 3-1 at 1, 6, 10-11, 16-18). On December 8, 2025, this Court dismissed the Complaint in Civ. A. No. 25-5678 in part under 28 U.S.C. § 1915(e)(2)(B)(ii) and stayed the remainder of the case pursuant to *Younger*, pending resolution of the state criminal matter CP-15-CR-0002396-2024. However, in the instant civil matter, Hill clarifies that the May 3 arrest at issue in the prior federal civil case related to the criminal charges alleged in CP-15-CR-0001493-2024, and that the claims in *this* civil matter are related to his arrest on July 16 for the charges in CP-15-CR-0002396-2024. *See* Civ. A. No. 25-6276 (ECF No. 2 at 3, 5). The Court accordingly notes here that the instant matter relates to the state criminal matter at CP-15-CR-0002396-2024 for which Hill was arrested on July 16.
     In any event, the pertinent state criminal dockets reflect that Hill is now scheduled for trial on all three state criminal matters on February 2, 2026.

2

provide a warrant and, nineteen months later, the Commonwealth has yet to produce a valid arrest warrant for the charges. (*Id.*) He alleges that he called the Chester County Clerk of Court and was told that he "never had a[n] arrest warrant [i]n Chester County, Pennsylvania in [his] life." (*Id.* at 3-4.)

Hill filed this civil action asserting violations of his Fourth Amendment rights based on his arrest and incarceration. (*Id*. at 2-3.) He claims that he has lost his home and all his possessions, and that, while incarcerated, he has been depressed, suffered from arthritis from sleeping on the concrete floor, and has been physically assaulted by inmates. (*Id*. at 4.) Hill requests that he be released from imprisonment and that all Defendants be terminated from employment. (*Id*. at 5.) He also requests $10 million in damages. (*Id*.)

## II.     STANDARD OF REVIEW

The Court will grant Hill leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). *See also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a

---

[3] Because Hill is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hill is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Hill alleges constitutional claims under the Fourth Amendment for false arrest, false imprisonment, and malicious prosecution. (Compl. at 1.) The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

#### A.  Improper Claims for Relief

The Court will dismiss Hill's requests for injunctive relief seeking his release from imprisonment based on pending state criminal charges and asking that all defendants be terminated from their employment. (*See* ECF No. 2 at 5.) Hill's claims challenging his imprisonment because of alleged constitutional violations are not cognizable in a civil rights action because they may only be pursued in a petition for writ of *habeas corpus*. *See Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 41-42 (3d Cir. 2017) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus." (citation omitted)); *Duran v. Weeks*, 399 F.

4

App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus." (citation omitted)); *see generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Accordingly, to the extent Hill raises claims for relief in this civil rights case that seek to challenge his imprisonment on pending state criminal charges, he has failed to state a claim. *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies."). To the extent that Hill wants the Defendants to be terminated from their employment, the Court has no authority to order such relief in a § 1983 civil rights case. *See Hall v. Carny*, Civ. A. No. 22-4094, 2023 WL 187569, at *1 n.3 (E.D. Pa. Jan. 13, 2023) (dismissing with prejudice the request that defendant be terminated from his employment); *Buskirk v. Pa. Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 n.4 (E.D. Pa. Sept. 28, 2022) (construing plaintiff's request for the court to terminate the defendants' employment as seeking injunctive relief and holding that the court has no authority to terminate the employment of a state employee (citation omitted)). Hill's claims for injunctive relief on both grounds will be dismissed.

      **B.**    **Claims Against the West Chester Police Department**

Hill names the West Chester Police Department but makes no factual allegations against it. (*See* Compl. at 2.) In any event, claims against the Department cannot proceed because it is

not a proper defendant under § 1983.  Following the decision in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality (citing *Johnson*, 834 F. Supp. at 878-79)); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988))); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Consequently, the West Chester Police Department and any claims alleged against it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

        **C.**     **Claims Against the Commonwealth of Pennsylvania**

Although Hill names the Commonwealth of Pennsylvania as a Defendant, states are not considered "persons" for purposes of Section 1983 lawsuits.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Commonwealth of Pennsylvania is immune from suit for money damages under the Eleventh Amendment and has not waived that immunity for lawsuits filed in federal court.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (citations

omitted)); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020); *see also* 42 Pa. Cons. Stat. §§ 8521-22.  The claims for money damages Hill seeks to assert against the Commonwealth of Pennsylvania will therefore be dismissed.

### D. Claim Against CCP

Hill names CCP as a Defendant, apparently related to his allegation of false imprisonment.  However, under § 1983, a prison is not a "person" under Section 1983.  *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (citations omitted); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).  Any claims against CCP will accordingly be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Claims Against Officer Turner, Officer Gilbert, and Warden Holland

Among the police officers named in the lawsuit, Hill includes Officers Turner and Gilbert, but he has not made any factual allegations about these two officers in the Complaint.  He has likewise named Warden Holland as a Defendant but asserts no allegations against him.  Neither the officers nor the Warden can be held liable for the alleged § 1983 violations because Hill fails to articulate their "personal involvement in the alleged wrongs."  *Rode*, 845 F.2d at 1207; *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  Hill has not plausibly

7

pleaded any claims against Officer Turner, Officer Gilbert, and Warden Holland, and the claims against those three individuals will be dismissed without prejudice.

### F.    Claims Stayed Pursuant to *Younger*

Hill asserts Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution (*see* Compl. at 1-3), but these claims cannot proceed at the present time because Hill's state criminal prosecutions are ongoing.  He awaits trial on the state criminal charges, which is currently scheduled for February 2, 2026.  *See Hill*, CP-15-CR-0002396-2024.  This Court has an obligation to abstain from considering particular cases under the principles of *Younger*, 401 U.S. 37, "that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013); *Younger*, 401 U.S. 31).  When assessing whether *Younger* abstention is appropriate, the Court "proceeds in two sequential stages."  *Greco v. Bruck*, No. 21-1035, 2022 WL 1515375, at *2 (3d Cir. May 13, 2022).  At the first stage, the Court must examine the underlying state court litigation to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) quasi-criminal state civil enforcement proceedings, and (3) "civil proceedings involving orders in furtherance of the state courts' judicial function."  *See PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (quoting *ACRA Turf Club, LLC v. Zanzuccki*, 748 F. 3d 127, 138 (3d Cir. 2014)).  Because Hill's criminal prosecution is the underlying state court litigation here, the first stage of the analysis is satisfied.

At the second stage, courts consider three factors articulated by the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Association*, 475 U.S. 434, 432

(1982),[4] whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding "implicates important state interests"; and (3) "there is an adequate opportunity . . . to raise constitutional challenges" in the state proceeding. *See PDX N., Inc.,* 978 F.3d at 883 (quoting *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432). Each of these factors is satisfied here. First, publicly available dockets reflect that there is an ongoing criminal prosecution in the Court of Common Pleas in Chester County. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, Hill has an opportunity to raise his constitutional challenges to the validity of the charges against him in the state proceedings. *See Jaffery*, 695 F. App'x at 40-41 (*Younger* applied where "[t]here are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide [the § 1983 plaintiff] an opportunity to raise federal constitutional defenses to prosecution"); *Lazaridis v. Wehmer*, 591 F.3d 666, 670-71 (3d Cir. 2010) (*per curiam*) (explaining that *Younger* requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987)). Further, Hill has not alleged, nor is there anything in the Complaint to suggest, that his claims fall within any of the narrow exceptions to the *Younger* doctrine. *See Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732, at *4 (3d Cir. June 12, 2023) (*per curiam*) (affirming application of *Younger* doctrine where plaintiff failed to plausibly plead that the state criminal proceedings were "being undertaken in

---

[4] The United States Court of Appeals for the Third Circuit has noted that when the state court proceeding is quasi-criminal, the *Middlesex* factors must be met, but when the state-court proceedings are criminal, it is not necessary to consider the *Middlesex* factors. *See Samaritano v. New Jersey*, No. 24-1889, 2025 WL 1554932, at *2 n.1 (3d Cir. June 2, 2025). In an abundance of caution, the Court will nonetheless consider the *Middlesex* factors.

9

bad faith or for purposes of harassment," or some other extraordinary circumstances existed (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

Because the state criminal proceeding affords Hill an opportunity to raise his constitutional challenges, and because the claims raised in the instant civil action appear to implicate rulings that will likely be made in the state proceeding, the Court will stay the remainder of this case until that proceeding has resolved.[5] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)); *Rex v. Fisher*, Civ. A. No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for damages in light of pending criminal prosecution when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding"); *Zimmerman v. Leek*, Civ. A. No. 23-220, 2024 WL 3695334, at *3 (W.D. Pa. July 18, 2024) (holding that, because plaintiff was still awaiting trial on underlying arrest, his false arrest, false imprisonment, illegal search and seizure, and malicious prosecution claims were subject to *Younger*), *report and recommendation adopted*, 2024 WL 3691889 (W.D. Pa. Aug. 7, 2024); *see also Borowski v. Kean Univ.*, 68 F.4th 844, 855 (3d Cir. 2023) ("[D]ismissal of a damages claim on abstention grounds is no longer permissible." (citation omitted)).

---

[5] In the future, when the *Younger* stay is lifted, the Court may conduct additional screening of the remaining claims in the Complaint. *See* 28 U.S.C. § 1915(e)(2)(i)-(iii) (providing that "the court shall dismiss the case at any time if the court determines" that the Complaint is frivolous, fails to state a claim on which relief may be granted, or seeks damages from an immune defendant).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hill's Motion to Proceed *in forma pauperis*. All claims against the West Chester Police Department, the Commonwealth of Pennsylvania, and the Chester County Prison will be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). All claims against Officer Turner, Officer Douglas Gilbert, and Warden Howard Holland will be dismissed without prejudice. Hill's requests for release from custody and the termination of certain Defendants' employment will be dismissed with prejudice. The dismissal of his claims seeking release from imprisonment does not preclude Hill from challenging his criminal charges in state court or, if appropriate, by filing a petition for a writ of *habeas corpus* after exhausting state remedies. All further proceedings with respect to the remaining claims in this matter, including the screening of Hill's remaining claims for damages, will be stayed pursuant to *Younger*. Hill may move to lift the stay when his state court criminal proceeding is finally resolved, including any appeals. An appropriate Order follows.

                                        **BY THE COURT:**

                                        **/s/ John R. Padova, J.**

                                        **JOHN R. PADOVA, J.**