IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND HILL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6276 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

AND NOW, this 7th day of January, 2026, upon consideration of Raymond Hill's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  Raymond Hill, #0081751, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Hill's inmate account; or (b) the average monthly balance in Hill's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Hill's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Hill's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Chester County Prison.

4. The Complaint is **DEEMED** filed.

5. All claims against the West Chester Police Department, the Commonwealth of Pennsylvania, and the Chester County Prison are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is **DIRECTED** to **TERMINATE** these three Defendants as parties on the docket.

6. All claims against Officer Turner, Officer Douglas Gilbert, and Warden Howard Holland are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. Hill's claims for injunctive relief in the form of release from state custody and the termination of Defendants' employment, are **DISMISSED WITH PREJUDICE** for failure to state a claim. The dismissal of his claim seeking release from custody does not preclude Hill from challenging his criminal charges in state court or, if appropriate, by filing a petition for a writ of *habeas corpus* after exhausting state remedies.

8. All further proceedings in this matter, including the screening of Hill's remaining claims for damages, are **STAYED** until Hill informs this Court that his related state criminal proceeding (including appeals, if applicable) has been finally resolved in accordance with the provisions in the accompanying Memorandum. The Clerk of Court is **DIRECTED** to place a **STAY** flag on the docket of this case.

9. If Hill seeks to pursue his claims, he must notify this Court **within thirty (30) days of the final resolution of his related criminal case**, *Commonwealth v. Hill*, CP-15-CR-0002396-2024 (C.P. Chester), that (a) the proceeding has been resolved, including any appeals;

(b) how the proceedings resolved; and (c) whether he still intends to pursue the claims in the instant case. Failure to comply with this Order may result in dismissal of this case.

  10. The Clerk of Court is **DIRECTED NOT TO ISSUE SUMMONSES** at this time.

  11. The time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 90 days following the issuance of summonses by the Clerk of Court upon further order of the Court.

        **BY THE COURT:**

          /s/ John R. Padova, J.

         _____
         **JOHN R. PADOVA, J.**